UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT STEPHEN SENTILLES | CIVIL ACTION |
| VERSUS | NO. 21-958 |
| HUNTINGTON INGALLS INCORPORATED, *et al.* | SECTION M (3) |

**ORDER & REASONS**

Before the Court is a motion by third-party defendant John Crane Inc. ("JCI") to strike and dismiss the untimely allegations, claims, and third-party demand brought by defendant and third-party plaintiff Huntington Ingalls, Inc. ("HII").[1] HII responds in opposition.[2] JCI replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

As JCI correctly observes, the scheduling order set October 22, 2021, as the deadline for filing amendments to pleadings, third-party actions, crossclaims, and counterclaims.[4] No claims were asserted against JCI by any party, including HII and plaintiff, prior to that date. HII filed its third-party complaint on December 2, 2021, asserting claims against JCI for the first time.[5] At first blush, then, it appears that HII's claims against JCI were untimely. But there is more to the story.

---

[1] R. Doc. 80.
[2] R. Doc. 86.
[3] R. Doc. 94.
[4] R. Doc. 33 at 1.
[5] R. Doc. 64 at 12-34.

On the deadline date for amendments to pleadings (October 22, 2021), plaintiff attempted to file a supplemental and amended complaint,[6] in which he stated for the first time claims for household/paraoccupational exposure in relation to his brothers' work at the Avondale shipyard.[7] Thereafter, on November 18, 2021, without objection from any defendant, plaintiff was allowed to file an amended, restated, and superseding complaint, at least in part, said plaintiff, to allow him "to include additional occupational exposure claims not previously detailed" in his original complaint.[8] Within the permitted delay, HII filed its answer and third-party demand asserting claims against JCI in response to the claims plaintiff raised in his supplemental and amended complaint.[9]

JCI argues that HII's third-party demand is untimely because it was filed, without leave of court, after the October 22, 2021 deadline to amend pleadings and file third-party actions.[10] HII responds that its demand was timely because HII "did not *amend* its own pleadings to assert third-party demands after the amendment deadline [but] asserted third-party demands in *response* to [p]laintiff's timely, amended claims."[11] The Court finds that HII's assertion of the third-party demand against JCI was timely. No party contends that plaintiff's supplemental and amended complaint was untimely or required no response. The scheduling order provides, in the same

---

[6] R. Docs. 40; 41; 44. The motion for leave to file the supplemental and amended complaint was marked deficient by the clerk of court but, once corrected, was accepted for filing on October 26, 2021, and the supplemental and amended complaint was filed into the record on October 27, 2021.

[7] In his original complaint, plaintiff had asserted such claims in relation to his father's work at Avondale. R. Doc. 1-1 at 3-4.

[8] R. Docs. 58; 60. The "additional occupational exposure claims" set out in the amended, restated, and superseding complaint were the same as those first alleged in the supplemental and amended complaint plaintiff tendered for filing on October 22, 2021.

[9] R. Docs. 64; 86 at 2-3.

[10] R. Doc. 80. JCI also argues that the third-party demand should be stricken because it bears no relation to the exposure allegations made by plaintiff. R. Doc. 80-1 at 3-6. HII responds that the demand relates directly to the household/paraoccupational claims relative to his brothers' employment at Avondale that plaintiff added with the supplemental and amended complaint. R. Doc. 86 at 3. Without more factual development, the Court is unable to make the finding that would be required to grant JCI's motion on this point.

[11] *Id.* at 2 (emphasis in original).

paragraph setting the deadline for filing amended pleadings, that "[r]esponsive pleadings, when required, shall be filed within the applicable delays."[12] As the Fifth Circuit has observed, a "responsive pleading" includes "a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, *a third-party complaint*, a third-party answer, and pursuant to court order, a reply to an answer or third-party answer." *Grabowski v. Carver*, 38 F.3d 5693, at *2 (5th Cir. Oct. 5, 1994) (citing *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 910 (5th Cir. 1993)) (emphasis added). HII filed its answer to the plaintiff's amended complaint, along with its third-party demand against JCI, within the permitted delay for responsive pleadings. Again, no party contends otherwise. Thus, HII's third-party demand was filed timely and did not require leave of court.

Regardless, given this sequence of events, it is difficult to conceive how HII could have acted with more diligence in asserting its claims against JCI. Thus, even if an amendment of the Court's scheduling order had been required under Rule 16 of the Federal Rules of Civil Procedure, HII has shown good cause for same and for filing its third-party demand against JCI at this juncture. *See Cedar Ridge, LLC v. Landmark Am. Ins. Co.*, 2014 WL 68792, at *3 (E.D. La. Jan. 8, 2014) (observing that "the moving party may 'demonstrate good cause by showing that, despite his diligence, he could not have met the scheduling deadline'") (quoting *Howell v. Standard Motor Prods., Inc.*, 2001 WL 196969, at *1 (N.D. Tex. Feb. 26, 2001), and citing other cases). Moreover, little discovery has been done in the case to date, and the discovery deadline is not until May 6, 2022.[13] Hence, JCI is not prejudiced by its addition to the case at this time.

Accordingly, for the foregoing reasons,

IT IS ORDERED that JCI's motion to strike and dismiss HI's untimely allegations, claims, and third-party demand against JCI (R. Doc. 80) is DENIED.

---

[12] R. Doc. 33 at 2.
[13] *Id*. at 3.

New Orleans, Louisiana, this 27th day of January, 2022.

                                                                                                     BARRY W. ASHE
                                                                                                     UNITED STATES DISTRICT JUDGE