UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT STEPHEN SENTILLES     CIVIL ACTION

VERSUS     NO. 21-958

HUNTINGTON INGALLS, INC., *et al.*     SECTION M (3)

**ORDER & REASONS**

Before the Court are motions for summary judgment filed by defendant Huntington Ingalls, Inc. ("Avondale") regarding certain aspects of plaintiff's claims against it.[1] Specifically, Avondale seeks summary judgment on plaintiff's claim related to his employment at its facility after June 23, 1969, because on June 24, 1969, plaintiff Robert Stephen Sentilles moved to an office job where he was not exposed to asbestos.[2] Avondale also moves for summary judgment on Sentilles's secondary-exposure claim related to the employment of Sentilles's brother, Clayton Sentilles, Jr. ("Clayton Jr."), at Avondale because Sentilles moved out of the family home before Clayton Jr. began working at Avondale.[3] Further, Avondale also moves for summary judgment on Sentilles's secondary-exposure claim related to his father's employment at Avondale because his father worked in an office and was not exposed to asbestos at Avondale.[4] The motions were set for submission on April 7, 2022. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was March 30, 2022.

---

[1] R. Docs. 176; 177; 178.
[2] R. Doc. 176-1.
[3] R. Doc. 177-1.
[4] R. Doc. 178-1.

Sentilles, who is represented by counsel, did not file an opposition to any of these motions. Accordingly, because the motions are unopposed and appear to have merit,[5]

IT IS ORDERED that these motions for summary judgment filed by Avondale (R. Docs. 176; 177; 178) are GRANTED, and Sentilles's claims against Avondale related to his employment there after June 23, 1969, and his secondary-exposure claims related to the employment of his father and brother (Clayton Jr.) at Avondale are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 8th day of April, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[5] This case involves claims for asbestos exposure. On October 27, 2020, Sentilles was diagnosed with mesothelioma. R. Doc. 60 at 2-3. Sentilles filed this suit asserting negligence and strict liability claims against several defendants, alleging that his disease was caused by exposure to asbestos that occurred from the 1950s to the 1980s. *Id.* at 1-20. More specifically, Sentilles alleges that from the 1950s to the 1970s, his father worked at Avondale where he encountered asbestos dust and brought it home on his person and clothing, which resulted in Sentilles's exposure. *Id.* at 4. Similarly, Sentilles alleges that from 1968 through approximately 1974, he was secondarily exposed to asbestos dust brought home by his brothers who were employed at Avondale. *Id.* at 5. Further, Sentilles alleges that he was personally exposed to asbestos dust when he worked at Avondale from 1969 to 1972. *Id.* at 6. Finally, Sentilles alleges that he was exposed to asbestos when he worked at Pelnor from July 31, 1974, through 1983. *Id.* By failing to oppose Avondale's three motions for summary judgment regarding certain of these exposures, Sentilles has admitted that he was not personally exposed to asbestos at Avondale after June 23, 1969, nor was he secondarily exposed to asbestos from his father's or Clayton Jr.'s employment at Avondale. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").