UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT STEPHEN SENTILLES | CIVIL ACTION |
| VERSUS | NO. 21-958 |
| HUNTINGTON INGALLS, INC., *et al.* | SECTION M (3) |

## **ORDER & REASONS**

Before the Court are motions for summary judgment filed by defendants Union Carbide Corporation ("Union Carbide"),[1] Bayer CropScience, Inc., as successor to Rhone-Poulenc AG Company, f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company ("Amchem");[2] and Zurich American Insurance Company ("Zurich") as an alleged insurer of Marquette Insulations, Inc. ("Marquette");[3] and third-party defendant John Crane, Inc. ("JCI").[4] The motions were set for submission on April 7, 2022. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was March 30, 2022. Neither plaintiff Robert Stephen Sentilles nor plaintiff-in-crossclaim and third-party plaintiff Huntington Ingalls, Inc. ("Avondale"), who are both represented by counsel, filed an opposition to any of these motions. Accordingly, because the motions are unopposed and appear to have merit,[5]

---

[1] R. Doc. 166.
[2] R. Doc. 167.
[3] R. Doc. 173.
[4] R. Doc. 170.
[5] This case involves claims for asbestos exposure. On October 27, 2020, Sentilles was diagnosed with mesothelioma. R. Doc. 60 at 2-3. Sentilles filed this suit asserting negligence and strict liability claims against several defendants, alleging that his disease was caused by exposure to asbestos that occurred from the 1950s to the 1980s. *Id.* at 1-20. More specifically, Sentilles alleges that from the 1950s to the 1970s, his father worked at Avondale where he encountered asbestos dust and brought it home on his person and clothing, which resulted in Sentilles's exposure.

IT IS ORDERED that the motions for summary judgment filed by Union Carbide, Amchem, Zurich, and JCI (R. Docs. 166; 167; 170; 173) are GRANTED, and the claims asserted against them by Sentilles and Avondale are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 8th day of April, 2022.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE

---

*Id.* at 4. Similarly, Sentilles alleges that from 1968 through approximately 1974, he was secondarily exposed to asbestos dust brought home by his brothers who were employed at Avondale. *Id.* at 5. Further, Sentilles alleges that he was personally exposed to asbestos dust when he worked at Avondale from 1969 to 1972. *Id.* at 6. Finally, Sentilles alleges that he was exposed to asbestos when he worked at Pelnor from July 31, 1974, through 1983. *Id.* Avondale filed crossclaims and third-party claims. R. Doc. 64. To prevail in an asbestos case under Louisiana law, a plaintiff must prove by a preponderance of the evidence that he was exposed to asbestos from the defendant's product and the exposure was a substantial cause of his injury. *Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1088 (La. 2009). When there are multiple causes of injury, "a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm." *Adams v. Owens-Corning Fiberglas Corp.*, 923 So. 2d 118, 122 (La. App. 2005) (citing *Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 2004)). Because there is a medically demonstrated causal relationship between asbestos exposure and mesothelioma, every non-trivial exposure to asbestos contributes to and constitutes a cause of mesothelioma. *McAskill v. Am. Marine Holding Co.*, 9 So. 3d 264, 268 (La. App. 2009) (observing that the substantial-factor "burden can be met by simply showing that [the plaintiff] was actively working with asbestos-containing materials"). "Asbestos cases typically involve multiple defendants and courts have analyzed the cases under concurrent causation, a doctrine which proceeds from the assumption that more than one defendant substantially contributed to the plaintiff's injury." *Adams*, 923 So. 2d at 122 (citing *Vodanovich,* 869 So.2d at 933). Union Carbide, Amchem, and JCI argue that there is no evidence that Sentilles was exposed to their asbestos-containing products. R. Docs. 166-2; 167-2; 170-1. Similarly, Zurich argues that there is no evidence that Sentilles was exposed to asbestos-containing products of its insured, Marquette. By failing to oppose the motions for summary judgment, Sentilles and Avondale have admitted that they cannot prove their claims against Union Carbide, Amchem, JCI, or Zurich. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").