UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT STEPHEN SENTILLES                              CIVIL ACTION

VERSUS                                                NO. 21-958

HUNTINGTON INGALLS                                    SECTION M (3)
INCORPORATED, *et al.*

## ORDER & REASONS

Before the Court is a motion by defendant Pelnor, L.L.C. ("Pelnor") for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to this Court's April 25, 2022 order that resulted in the dismissal of plaintiff's claims against Huntington Ingalls, Inc. ("Avondale").[1] Pelnor argues that the motion should be granted because all claims against Avondale have been dismissed, this case cannot be resolved by settlement without appellate finality on plaintiff's claims against Avondale, and there is a real risk of multiple trials without immediate appeal.[2] Plaintiff Robert Stephen Sentilles joined in and adopted the motion.[3] Avondale has not filed an opposition to the motion. Considering the parties' memoranda, the record, and the applicable law, the Court finds that there is no just reason for delay and Pelnor's Rule 54(b) motion for immediate appeal of this Court's April 25, 2022 order dismissing all claims against Avondale should be granted.

**I.   BACKGROUND**

This case involves claims of asbestos exposure. On October 27, 2020, Sentilles was diagnosed with mesothelioma.[4] Sentilles filed this suit asserting Louisiana state-law tort claims

---

[1] R. Doc. 236 (citing R. Doc. 231).
[2] R. Doc. 236-1.
[3] R. Doc. 237.
[4] R. Doc. 60 at 2-3.

against several defendants, alleging that his disease was caused by exposure to asbestos that occurred from the 1950s to the 1980s.[5]

More specifically, Sentilles claims that he was exposed to asbestos when he worked as a yard clerk in the insulation shop at Avondale's shipyard along the Mississippi River from May 28, 1969, to June 23, 1969.[6] Sentilles remained employed at Avondale until 1972, but he was moved to an office job on June 24, 1969.[7] Sentilles also claims that he was secondarily exposed to asbestos from his brother Thomas's clothes when his brother Thomas worked at Avondale.[8] Finally, Sentilles alleges that he was exposed to asbestos when he worked at Pelnor from July 31, 1974, through 1983.[9]

On April 25, 2022, this Court granted Avondale's motion for summary judgment, finding that Sentilles's state-law negligence claims against Avondale are preempted by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 905(a) and 933(i) (the "LHWCA").[10] Pelnor and Sentilles now move for partial final judgment on that order under Rule 54(b).

## II.  ANALYSIS

Rule 54(b) is an exception to the general rule that a final judgment is appealable only after the adjudication of the rights and liabilities of all parties to a proceeding. *Westmoreland v. Venice Marine & Outdoor Consultants, Inc.*, 2018 WL 2124040, at *1 (E.D. La. May 8, 2018). Rule 54(b) provides in pertinent part:

---

[5] *Id.* at 1-20.
[6] R. Docs. 176-1 at 2; 123-4 at 3.
[7] Sentilles originally alleged that he was exposed to asbestos when he worked at Avondale from May 1969 until 1972. R. Doc. 60 at 6. This Court granted Avondale's unopposed motion for summary judgment seeking dismissal of Sentilles's claim as it relates to his employment at Avondale after June 23, 1969. R. Doc. 214.
[8] R. Doc. 123-1 at 10. Sentilles also alleged secondary exposure related to his father's and other brother's employment at Avondale. R. Doc. 60 at 4-5. This Court granted Avondale's unopposed motions for summary judgment seeking dismissal of those claims because (1) Sentilles's father was not exposed to asbestos at Avondale and (2) Sentilles moved out of the family home before his other brother started working there. R. Doc. 214.
[9] R. Doc. 60 at 6-7.
[10] R. Doc. 231.

2

> When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. …

Thus, to certify an otherwise interlocutory order for immediate appeal, a district court must make two separate findings under Rule 54(b): first, the court must determine that the order constitutes a "final judgment" as to one or more "claims or parties"; and second, the court must determine that "there is no just reason for delay."

The Fifth Circuit has explained that Rule 54(b) "reflects a balancing of two policies: avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.'" *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting *PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)). Rule 54(b) motions are rarely granted because a district court must "take into account judicial administrative interests" to "'preserve[] the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

As to the first of the two requirements for certification, the district court can certify an order as a Rule 54(b) judgment only if the order has "disposed of 'one or more ... claims or parties.'" *Eldredge*, 207 F.3d at 740 (quoting Fed. R. Civ. P. 54(b)). A court should look to see whether this requirement is met as to each party or claim because it is jurisdictional. *Id.* (citing *In re Southeast Banking Corp.*, 69 F.3d 1539, 1548-52 (11th Cir.1995) (finding that a Rule 54(b) final judgment was improperly entered as to certain rulings because they did not dispose of distinct claims, but that it was properly entered as to certain defendants who were completely dismissed)). Here, the first requirement is met. The April 25, 2022 order disposes entirely of Avondale as a party in this litigation.

Pelnor has also satisfied the second requirement for a Rule 54(b) certification by demonstrating that an immediate appeal would avoid dangers of hardship or injustice, or that any hardship it faces outweighs judicial administrative interests in avoiding piecemeal appeals. *PCYA*, 81 F.3d at 1421 (under "no just reason for delay" requirement, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel"); *Matthews v. Stolier*, 2015 WL 4394109, at *3 (E.D. La. July 15, 2015) ("'[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments … a district court must take into account judicial administrative interests as well as the equities involved.' The foremost of which is the strong federal policy against piecemeal appeals.") (quoting *Curtiss-Wright*, 446 U.S. at 8).

The remaining parties here face the hardship or prospect of retrial if the Fifth Circuit determines on appeal that Avondale should not have been dismissed. This hardship may be said in this instance to outweigh judicial administrative interests in avoiding piecemeal appeals. Avondale was the only party that raised the LHWCA preemption argument. Thus, because any other appeal in this case will not involve the same issue, the Court finds that the risk of piecemeal appeals does not weigh against granting the Rule 54(b) motion. The Court further finds that all parties may suffer prejudice if the motion is denied. Many other sections of this Court and other federal courts are already facing, or may in the future face, this same LHWCA preemption issue. *Barrosse v. Huntington Ingalls Inc.*, 2021 WL 5447447, at *2 (E.D. La. Nov. 22, 2021), *appeal to be argued*, No. 21-30761 (5th Cir. July 8, 2022). As further explained by the court in *Barrosse*:

> In light of the numerous cases in which the preemption issue has arisen, and the likelihood that it will continue to arise in future cases, the Court finds that delaying the potential appeal in this case would prejudice Avondale. Specifically, Avondale will have to litigate the preemption question repeatedly in the district courts until

> the Fifth Circuit resolves the issue. The Court finds that the prejudice caused by forcing Avondale to relitigate this question can be alleviated by expediting the time in which the parties can appeal the Court's … decision. As such, this factor weighs in favor of granting [the] motion.
>
> Finally, the Court finds that issuing a partial final judgment will serve the interest of judicial economy by hastening the ultimate resolution of the LHWCA preemption question. A decision by the Fifth Circuit will assist the numerous district courts who have been, or will be, presented with this question. Thus, this factor also weighs in favor of granting [the] Motion.

*Id.* The potential prejudice to Avondale in *Barrosse* is arguably shared by all the remaining parties to this litigation.

For all of these reasons, the Court finds that the risk that delay will unfairly prejudice the parties outweighs the risk of piecemeal appeals. Thus, the Court finds there is no just reason for delay and grants the motion.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Pelnor's motion for entry of final judgment pursuant to Rule 54(b) as to Avondale is GRANTED.

New Orleans, Louisiana, this 21st day of June, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE