UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT STEPHEN SENTILLES | CIVIL ACTION |
| VERSUS | NO. 21-958 |
| HUNTINGTON INGALLS INCORPORATED (f/k/a AVONDALE SHIPYARD), *et al.* | SECTION M (3) |

## ORDER & REASONS

Before the Court is a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure filed by defendant Huntington Ingalls Incorporated ("Avondale").[1] Plaintiff Robert Stephen Sentilles responds in opposition,[2] and Avondale replies in further support of its motion.[3] Also before the Court is a related motion for reconsideration filed by Sentilles,[4] to which Avondale responds in opposition.[5] And, thirdly, before the Court is Avondale's motion *in limine* to preclude Sentilles from offering testimony at trial, live or by deposition, from Jennifer Pierce or Dr. Victor Roggli, who are expert witnesses hired by settling-defendant Pellerin Milnor (n/k/a Pelnor LLC) ("Pelnor").[6] Sentilles responds in opposition,[7] and Avondale replies in further support of its motion.[8]

Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting Avondale's Rule 12(c) motion, denying Sentilles's motion

---

[1] R. Doc. 328.
[2] R. Doc. 344.
[3] R. Doc. 351.
[4] R. Doc. 329.
[5] R. Doc. 347.
[6] R. Doc. 331.
[7] R. Doc. 342.
[8] R. Doc. 350.

for reconsideration, and granting Avondale's motion *in limine* to preclude Sentilles from presenting testimony from Pierce or Roggli.

I. **BACKGROUND**

This case involves claims for asbestos exposure. On October 27, 2020, Sentilles was diagnosed with mesothelioma.[9] Sentilles filed this suit asserting negligence and strict liability claims against several defendants, alleging that his disease was caused by exposure to asbestos that occurred from the 1950s to the 1980s.[10] More specifically, Sentilles alleges that from the 1950s to the 1970s, his father worked at Avondale where he encountered asbestos dust and brought it home on his person and clothing, which resulted in Sentilles's exposure.[11] Similarly, Sentilles alleges that from 1968 through approximately 1974, he was secondarily exposed to asbestos dust brought home by his brothers who were employed at Avondale.[12] Further, Sentilles alleges that he was personally exposed to asbestos dust when he worked at Avondale from 1969 to 1972.[13] Finally, Sentilles alleges that he was exposed to asbestos when he worked at Pelnor from July 31, 1974, through 1983.[14]

On March 23, 2022, Avondale filed three motions for partial summary judgment seeking dismissal of Sentilles's claims related to alleged asbestos exposures stemming from (1) his employment at Avondale after June 23, 1969, when he moved to an office job;[15] (2) his brother Clayton Sentilles, Jr.'s employment at Avondale;[16] and (3) his father Clayton Sentilles, Sr.'s employment at Avondale.[17] Avondale supported its summary-judgment motion regarding

---

[9] R. Doc. 60 at 2-3.
[10] *Id.* at 1-20.
[11] *Id.* at 4.
[12] *Id.* at 5.
[13] *Id.* at 6.
[14] *Id.*
[15] R. Doc. 176.
[16] R. Doc. 177.
[17] R. Doc. 178.

Sentilles's post-June1969 employment with Sentilles's own deposition testimony and that of Sentilles's expert industrial hygienist, Chris DePasquale.[18] Specifically, Sentilles testified that he was not exposed to asbestos while working as an office clerk at Avondale after June 23, 1969.[19] And DePasquale similarly testified that, based on Sentilles's testimony, he had no information to suggest that Sentilles was exposed to asbestos at Avondale after June 23, 1969.[20]

All three motions were set for submission on April 7, 2022.[21] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was March 30, 2022. Sentilles, who is represented by counsel, failed to oppose the motions. Thus, on April 8, 2022, after reviewing the motions and finding that they had merit, the Court granted all three motions and dismissed the subject claims with prejudice.[22] In particular, the Court noted that "[b]y failing to oppose Avondale's three motions for summary judgment regarding … these exposures, Sentilles has admitted that he was not personally exposed to asbestos at Avondale after June 23, 1969, nor was he secondarily exposed to asbestos from his father's or Clayton, Jr.'s employment at Avondale."[23]

Almost two years later, on March 25, 2024, Sentilles filed his third amended, restated, and superseding complaint ("third complaint"), which included allegations related to the previously dismissed claims, namely, those pertaining to Sentilles's employment at Avondale after June 23, 1969, and his brother Clayton Sentilles, Jr.'s and his father Clayton Sentilles, Sr.'s respective

---

[18] R. Doc. 176-1 at 2-3, 5-8.
[19] *Id.* at 5-6 (citing R. Doc. 176-5).
[20] *Id.* at 6-7 (citing R. Doc. 176-6).
[21] R. Docs. 176-3; 177-3; 178-3.
[22] R. Doc. 214.
[23] *Id.* at 2 n.5.

3

periods of employment at Avondale.[24] Avondale now moves for judgment on the pleadings dismissing these previously-dismissed claims from the third complaint.[25]

Sentilles agrees that his claims pertaining to his brother's and father's employment at Avondale should be dismissed.[26] However, as to his own work at Avondale after June 23, 1969, Sentilles argues that Avondale's Rule 12(c) motion should be denied, and the Court should grant his parallel motion for reconsideration reinstating that claim, because Pelnor's expert pathologist, Dr. Victor Roggli, testified at his deposition on April 30, 2024, that Sentilles would have been exposed to above-background concentrations of asbestos while working at Avondale after June 1969.[27] Sentilles contends that Roggli's testimony creates a genuine issue of material fact as to whether he was exposed to asbestos at Avondale from 1970 to 1972.[28]

In response, Avondale argues that its Rule 12(c) motion should be granted, and conversely, Sentilles's motion for reconsideration denied, because the claim Sentilles seeks to revive was dismissed more than two years ago and there is no new evidence that warrants reinstatement.[29] Avondale points out that, when Roggli issued his expert report on April 8, 2022, he knew the allegations and facts pertaining to Sentilles's employment at Avondale post-June 1969 and did not include in his report any opinions regarding Sentilles's exposure to asbestos at Avondale after that date.[30] Instead, Roggli opined at his April 30, 2024 deposition in response to a hypothetical posed by Sentilles's counsel that Sentilles would have been exposed to above-background concentrations of asbestos "just by being in the [Avondale] shipyard in the late 1960s."[31] Avondale contends that,

---

[24] R. Doc. 289.
[25] R. Doc. 328.
[26] R. Doc. 344 at 2.
[27] R. Docs. 329; 344.
[28] R. Docs. 329-1 at 4; 344 at 5-6.
[29] R. Docs. 347; 351.
[30] R. Doc. 347 at 5.
[31] *Id.* at 5-6.

if Roggli testifies at trial, he should be limited to the opinions expressed in his report as required by Rule 26 of the Federal Rules of Civil Procedure.[32]

Avondale also filed a motion to preclude Sentilles from offering at trial testimony, live or by deposition, from Pelnor's industrial hygiene expert, Pierce, and medical expert, Roggli.[33] In 2022, Sentilles produced expert reports from his own industrial hygiene expert, DePasquale, and medical expert, Dr. Brent Staggs, both of whom have been deposed and consistently included on Sentilles's witness lists.[34] DePasquale and Staggs each testified at their respective depositions that asbestos exposures at both Avondale and Pelnor contributed to Sentilles's mesothelioma.[35] On September 3, 2024, Sentilles filed a supplemental witness list indicating that he intends to call Pierce and Roggli at trial to offer opinions that he was not exposed to asbestos at Pelnor.[36] Avondale argues that Sentilles should not be permitted to have two industrial hygiene experts and two medical experts at trial or change experts on the eve of trial.[37] Sentilles opposes the motion, arguing that he should be permitted to use Pelnor's experts at trial to defend against Avondale's attempt to cast a virile share of liability onto Pelnor.[38] In reply, Avondale reiterates that Sentilles should not be permitted to designate Pierce and Roggli as his own experts so late in the day, especially considering that their opinions contradict those of Sentilles's own original experts.[39]

---

[32] *Id*. at 6-7.
[33] R. Doc. 331.
[34] R. Doc. 331-1 at 1-2.
[35] *Id.* at 2.
[36] *Id*.
[37] *Id.* at 2-4.
[38] R. Doc. 342.
[39] R. Doc. 350.

## II.   LAW & ANALYSIS

### A. Rule 12(c) Standard

Rule 12 provides that "[a]fter the pleadings are closed ... a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to "dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Mendy Bros., LLC v. Bank of N.Y. Mellon*, 2017 WL 2558891, at *4 (E.D. La. June 13, 2017) (quotation omitted). The standard for a Rule 12(c) motion for judgment on the pleadings is the same as that used to evaluate a Rule 12(b)(6) motion to dismiss. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must take the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B. Standard for Reconsideration

Sentilles seeks reconsideration of an interlocutory order. Motions for reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil Procedure. Under that rule, a "court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quotation omitted). Rule 54(b) "'reflect[s] the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12,

25 (D.C. Cir. 2015)) (internal quotation marks omitted).  However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993) (observing that if "the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] ... the cycle of reconsideration would be never-ending"); *Domain Prot., LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("although a district court may revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis, alterations, and quotation omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019) ("A trial court could not operate if it were to yield to every request to reconsider each of the multitude of rulings that may be made between filing and final judgment.").

    **C. Analysis**

    Considering Rule 54(b), and the parties' competing arguments, the Court finds that reconsideration of the April 8, 2022 order dismissing Sentilles's claims related to alleged asbestos exposures stemming from his employment at Avondale after June 23, 1969, is not warranted.  This Court granted Avondale's unopposed and meritorious summary-judgment motion on those claims over two years ago.  Sentilles has not come forward with new factual evidence that contradicts his own sworn deposition testimony that he was not exposed to asbestos at Avondale after the relevant date, or even the concurring opinion of his own expert industrial hygienist, DePasquale.  Instead, Sentilles asks this Court to find that the facts surrounding his asbestos exposure at Avondale after June 1969 are disputed based on the deposition testimony of another, now-settled party's expert,

7

Roggli, in response to a hypothetical posed by Sentilles's counsel. The hypothetical and Roggli's testimony nowhere mentions that Sentilles's post-June 1969 employment was indoors, and his report nowhere discloses any opinion that takes this point into account – even an opinion as "sketchy and vague" as the one Sentilles says is conveyed by Roggli's deposition testimony. *See Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1990) (discussing that one of the purposes of Rule 26's disclosure requirements, as described in the advisory committee's note, is to avoid "sketchy and vague" expert opinions). Moreover, Roggli's opinion testimony at deposition does not change the undisputed factual evidence regarding Sentilles's asbestos exposure after June 1969. At this late date, Sentilles cannot rely on Roggli to offer what amounts to a new, previously-undisclosed expert opinion on Sentilles's behalf concerning his asbestos exposure at Avondale. After all, the opinion was not even included in Roggli's expert report, much less that of Sentilles's own expert. And the deadline for expert disclosures has long since passed. Further, Sentilles's motion comes five months after Roggli's deposition and only two months before the scheduled start of trial on December 2, 2024. It would be unfairly prejudicial to Avondale to revive at this late date a claim that was dismissed – without opposition – over two years ago. In addition, it would also be unfairly prejudicial to Avondale to permit Sentilles to utilize two industrial hygiene experts and two medical experts, or to switch experts at such a late date, especially considering that Sentilles did not sponsor Pierce or Roggli in the first place and their opinions contradict those stated by Sentilles's original industrial hygiene and medical experts. Thus, Sentilles's motion for reconsideration must be denied, and Avondale's Rule 12(c) motion for judgment on the pleadings and its motion *in limine* to exclude Pierce and Roggli must be granted.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Avondale's Rule 12(c) motion for judgment on the pleadings (R. Doc. 328) is GRANTED, and Sentilles's claims related to alleged asbestos exposures stemming from (1) his employment at Avondale after June 23, 1969; (2) his brother Clayton Sentilles, Jr.'s employment at Avondale; and (3) his father Clayton Sentilles, Sr.'s employment at Avondale, all as reasserted in his third complaint, are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Sentilles's motion for reconsideration (R. Doc. 329) is DENIED.

IT IS FURTHER ORDERED that Avondale's motion *in limine* to preclude Sentilles from offering testimony at trial, live or by deposition, from Jennifer Pierce or Dr. Victor Roggli is GRANTED.

New Orleans, Louisiana, this 3rd day of October, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE