UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT STEPHEN SENTILLES                                        CIVIL ACTION

VERSUS                                                                              NO. 21-958

HUNTINGTON INGALLS INCORPORATED,                  SECTION: "M" (3)
ET AL.

## ORDER

This matter is before the Court on a motion for leave to file a supplemental and amending crossclaim filed by crossclaimant Pelnor, L.L.C. ("Pelnor"), in which Pelnor seeks to add a claim for bad faith penalties under La. R.S. 22:1892 against crossclaim-defendant First State Insurance Company ("First State") dating back to the September 4, 2024 settlement of plaintiff's claim against Pelnor.[1] First State responds in opposition,[2] and Pelnor replies in further support of its motion.[3] The magistrate judge considered these filings and issued a Report and Recommendation ("R&R"), in which she concluded that Pelnor should be permitted to add the bad faith claim to address events beginning on January 20, 2025, when this Court granted summary judgment in Pelnor's favor against First State (as to First State's liability for Pelnor's fees and costs in defending certain claims), but not from September 4, 2024.[4] The magistrate judge reasoned that the interim time (from September 4, 2024, to January 20, 2025) resulted from the parties' multiple joint requests that this Court delay ruling on their cross-motions for summary judgment on the fees/costs issue in order to pursue settlement of the question.[5] The magistrate judge rigorously

---

[1] R. Doc. 456.
[2] R. Doc. 457.
[3] R. Doc. 458.
[4] R. Doc. 465.
[5] *Id.* at 6.

examined each of the four factors used to determine whether a scheduling order should be modified pursuant to the requirement of "good cause" under Rule 16(b) of the Federal Rules of Civil Procedure to confirm the "commonsense proposition" that "Pelnor cannot now capitalize on [the] delay [it requested] to support a bad faith claim" applicable to the period of delay, *i.e.,* the interim period.[6]  On the other hand, the magistrate judge found that the Rule 16(b) factors all supported the addition of a bad faith claim for events beginning on January 20, 2025, after First State lost the summary-judgment motions.[7]

Pelnor objects to the R&R, arguing that it should be permitted to assert a bad faith claim against First State for that interim period (from September 4, 2024, to January 20, 2025) because First State misinterpreted its own policy at Pelnor's expense and should be held liable for its bad faith nonpayment of Pelnor's claim as a result.[8]  Pelnor also argues that it did not cause any delay in First State's performing its obligation to pay by acquiescing in the continuances of the summary-judgment motions to focus on settlement because, in Pelnor's view, if First State had correctly interpreted its policy and paid Pelnor's claim for fees/costs, the summary-judgment motions would not have been necessary.[9]

The objection is overruled.  Considering the sequence of events, it would be unfair to hold First State liable for bad faith penalties during the interim period (from September 4, 2024, to January 20, 2025) for all the reasons identified by the magistrate judge as satisfying the four-part test for good cause under Rule 16(b).  Although Pelnor insists it is not at fault for the delay, it did acquiesce in the delay to engage in good-faith settlement negotiations.  First State should not face penalties for standing by its litigation position, on which the parties had asked the Court not to rule,

---

[6] *Id.* at 7.
[7] *Id.* at 8-9.
[8] R. Doc. 466 at 3-6.
[9] *Id.* at 6-8.

while the parties pursued the possibility of settlement.  Pelnor points the Court to no part of the R&R that is clearly erroneous or contrary to law.

Accordingly, having considered the record, the applicable law, the R&R, and the objection to the R&R filed by Pelnor, the Court hereby overrules the objection, approves the R&R, and adopts it as its opinion in this matter.  Therefore,

IT IS ORDERED that the motion for leave to file first supplemental and amending crossclaim filed by Pelnor (R. Doc. 456) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the motion is DENIED IN PART to the extent that Pelnor seeks to amend and supplement its crossclaim to add a claim under La. R.S. 22:1892 for events before the January 20, 2025 summary-judgment ruling.

IT IS FURTHER ORDERED that the motion is GRANTED IN PART to allow Pelnor to file an otherwise untimely supplemental crossclaim relative to events that occurred on or after January 20, 2025.

IT IS FURTHER ORDERED that Pelnor file a supplemental crossclaim that is consistent with the above parameters within seven days of this ruling.

New Orleans, Louisiana, this 15th day of April, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE